**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KAREN ESTELA ALVAREZ-MENJIVAR; EDGARDO VLADIMIR RODRIGUEZ-ALVAREZ, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   16-71661 <br><br> Agency Nos.   A202-001-947 <br> A202-001-948 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2022**

Before:    SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Karen Estela Alvarez-Menjivar, and her son, Edgardo Vladimir Rodriguez-

Alvarez, natives and citizens of El Salvador, petition for review of the Board of

Immigration Appeals' order dismissing their appeal from an immigration judge's

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

decision denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's determination that the harm petitioners experienced did not rise to the level of persecution. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028-29 (9th Cir. 2019) (record did not compel finding that harm rises to the level of persecution where perpetrators took no violent actions against the petitioner or his family beyond threats). Substantial evidence also supports the conclusion that petitioners did not establish a well-founded fear of future persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1022 (9th Cir. 2006) (petitioner failed to present "compelling, objective evidence demonstrating a well-founded fear of persecution"). Thus, petitioners' asylum claims fail.

Because petitioners failed to establish eligibility for asylum, in this case they did not establish eligibility for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Substantial evidence also supports the agency's denial of CAT relief because petitioners did not establish that it is more likely than not they would be tortured by

or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We reject as unsupported by the record petitioners' contentions that the agency failed to consider evidence or otherwise erred in its analysis.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED**.